Gliddon 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON MOTION FOR REHEARING

NO. 03-94-00712-CR

Reverdy Hilmar Gliddon, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 7440, HONORABLE CHARLES J. HEARNE, JUDGE PRESIDING

 The State contends in two related arguments that this Court erred in holding that
the Double Jeopardy Clause bars appellant's prosecution. First, the State argues, the record does
not establish that appellant owned the forfeited property; therefore, he could not have been
punished by its forfeiture. See Ramirez v. State, Nos. 01-95-00636-CR and 01-95-00637-CR
(Tex. App.--Houston [1st Dist.] December 14, 1995, no pet. h.) (absent indication in record of
defendant's ownership interest in forfeited property, defendant is not punished by forfeiture of that
property). The State claims in its second argument that Gliddon could not have been punished
by the forfeiture because no record evidence shows that Gliddon lawfully acquired the forfeited
property. See Ex Parte Ariza, 913 S.W.2d 215, 221-22 n.3 (citing Tilley v. United States, 18
F.3d 295, 300 (5th Cir.), cert. denied, 115 S.Ct. 574 (1994), for proposition that owner of
unlawfully acquired forfeited property is not punished by its forfeiture).

 These issues were not presented in either the State's or appellant's brief, and they
played no part in this Court's determination of this cause. Accordingly, these issues are not
properly raised as points in support of the motion for rehearing, and we will not consider them. 
See Tex. R. App. P. 100(a). We point out, however, that the record before us does indicate that
appellant owned the property forfeited. The named defendants in the forfeiture proceedings,
appellant and Debra Faye Gliddon, admit in their Original Answer that they are the owners of the
forfeited property. Additionally, appellant verified under oath the "Motion to Dismiss on Grounds
of Former Jeopardy," which stated that appellant was the owner of the forfeited property.

 The motion for rehearing is overruled.

 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Dally*

State's Motion for Rehearing Overruled

Filed: March 27, 1996

Do Not Publish 

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).